# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**TERRANCE GRAHAM**                                                                                       **PETITIONER**

**V.**                                                        **NO. 4:14-CV-115-DMB-SAA**

**WARDEN ORA STARKS AND**
**SHERIFF KELVIN WILLIAMS, SR.**                                **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

Petitioner, Terrance Graham, is proceeding *pro se* on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. A pretrial detainee currently confined at the Bolivar County Correctional Facility in Cleveland, Mississippi, Petitioner alleges that he has been in custody since September 28, 2011, and that he has yet to appear before a judge. Respondents have filed a motion to dismiss this action, asserting that Petitioner seeks relief not available in habeas corpus, and that he has failed to exhaust his state court remedies. Petitioner has failed to file a reply to Respondents' motion, and the time to file a reply has expired. After reviewing the parties' submissions and the applicable law, the Court finds that it should grant Respondents' motion and dismiss this cause.

### Factual and Procedural Background

On September 20, 2011, Petitioner was indicted for one count of attempted rape in the Circuit Court of Bolivar County, Mississippi, in Circuit Court Case No. 2011-089-CR2. Doc. [10-1]. Respondents maintain that, according to the Bolivar County District Attorney's Office, Petitioner has had a competency hearing and has been found competent to stand trial. Mot. [10] at 2. Respondents assert that Petitioner's trial, which was originally scheduled for May 2014, was moved for another case and was rescheduled for November 2014. *Id*.

According to Respondents, a guilty plea hearing began in Petitioner's case on October 28, 2014, but the proceedings were cancelled after Petitioner changed his mind and did not enter a guilty plea. *Id*. Respondents contend that the District Attorney's Office asserts that it started the term with a capital murder case that was scheduled primary to Petitioner's case on November 3, 2014, and that the capital murder case only concluded on November 12, 2014. Doc. [10-3]. Respondents assert that they have been advised by Assistant District Attorney Leslie Flint that cases will not be tried in the Second Judicial District of Bolivar County until the May-June term of 2015.

Petitioner filed the instant action on or about July 2, 2014, asking the Court "to resolve this case and proceed as fast as possible because I feel like my time have [sic] been served. I know I didn't do what they say I did." Pet. [1] at 1.

## Discussion

Because he has not yet been convicted, Petitioner is a pretrial detainee who has the right to seek federal habeas relief, but that relief "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489 (1973) (citation omitted). Courts have recognized "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citation omitted). A pretrial detainee who files a habeas petition in "an attempt to dismiss an indictment or otherwise prevent a prosecution" is seeking an objective that is "normally not attainable through federal habeas corpus." *Id.*

2

To the extent Petitioner seeks release from state custody, he is seeking relief not attainable through a habeas action unless he can show that "special circumstances" exist warranting federal intervention into the criminal charges pending against him in state court. *See Dickerson v. State of La.*, 816 F.2d 220, 226 (5th Cir. 1987). In *Dickerson*, the Fifth Circuit declined to accept the petitioner's argument that the Sixth Amendment right to a speedy trial was a *per se* "special circumstance," as to do so would eliminate the distinction drawn by the court in *Braden* between the disruption of the process versus the enforcement of a speedy trial right. *Id.* Here, Petitioner identifies no special circumstances that warrant disruption of the state's judicial process, and, insofar as Petitioner seeks release from custody, the petition should be dismissed.

Alternatively, and to the extent Petitioner seeks only to enforce his speedy trial rights, the Court finds that there is no evidence that Petitioner has filed a motion for a speedy trial in the Bolivar County Circuit Court. *See* Doc. [10-2]. Documents received from the Bolivar County Circuit Court have been submitted to this Court, and the docket of Petitioner's case in state court shows that as of November 2014, no speedy trial motions have been filed. *Id*. The online docket of the Mississippi Supreme Court does not show any filings from Petitioner in that court.[1] By failing to first seek relief in state court, Petitioner has deprived the state of a fair opportunity to address his claims. *See, e.g., Braden*, 410 U.S. at 489-90; *Dickerson*, 816 F.2d at 225. Therefore, the instant petition may also be properly dismissed due to Petitioner's failure to exhaust his state court remedies prior to seeking federal habeas relief.

---

[1] *See* http://courts.ms.gov/appellate_courts/generaldocket.html (search by last name and first name) (last accessed December 17, 2014).

Additionally, the Court notes that, to the extent Petitioner seeks money damages through a civil suit against Respondents for wrongful imprisonment, such claims must be brought pursuant to 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). As such, this claim will be dismissed for failure to state a federal habeas corpus claim.

## Conclusion

For the reasons set forth herein, the Court finds that Respondents' motion to dismiss for failure to state a claim upon which habeas relief can be granted [10] is **GRANTED** and the instant petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. All pending motions are **DISMISSED** as moot. A separate final judgment will enter today.

**SO ORDERED**, this the 30th day of December, 2014.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**